IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK L. FIRKINS, # B-86948, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-362-MJR |
| ) | |
| GREGORY NESTER, ) | |
| and ROBERT HAIDA, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the St. Clair County Jail. He has since been transferred to Menard Correctional Center ("Menard"). (Doc. 11). In this action, Plaintiff sues his public defender and trial judge, claiming that his speedy trial rights were violated while his criminal charges were pending. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

### **The Complaint**

At the time Plaintiff filed the action on April 7, 2017, he had been in custody at the St. Clair County Jail since June 1, 2016. (Doc. 1, p. 3). He was awaiting trial on St. Clair County Cases No. 16-CF-74901, 02, and 03, and No. 16-CF-72301 and 02. *Id.* He had filed a *pro se* motion for speedy trial on June 1, 2016. However, Nester (Plaintiff's public defender) and Haida (St. Clair County Chief Judge) tolled his speedy trial time without Plaintiff's consent or approval. His trial date was postponed 3 times, cancelling trial dates set for November 28, 2017

(the Court presumes Plaintiff meant to say November 2016), January 23, 2017, and March 27, 2017. Plaintiff also filed a motion to dismiss his case, but Haida refused to entertain it.

Plaintiff claims that the delay in bringing him to trial violated his "6th Amendment right to a 120-day fast and speedy trial," and violated his 14th Amendment due process rights. *Id.* He seeks compensatory damages for the violation of his rights.

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Public Defender Nester violated Plaintiff's Sixth Amendment right to a speedy trial and/or his Fourteenth Amendment due process rights;
>
> **Count 2:** Judge Haida violated Plaintiff's Sixth Amendment right to a speedy trial and/or his Fourteenth Amendment due process rights.

Each of the above claims is subject to dismissal pursuant to § 1915A.

The Sixth Amendment right to a speedy trial is not automatically violated if the trial is postponed beyond 120 days. The 120-day time limit is imposed by Illinois law, at 725 ILCS 5/103-5(a), and is independent of the federal constitutional speedy trial right. A federal court does not enforce state laws such as this. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Instead, a Sixth Amendment speedy trial claim is analyzed by balancing four factors: "whether delay before trial was uncommonly long, whether

3

the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *United States v. White*, 443 F.3d 582, 589 (7th Cir. 2006) (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)).

An analysis of these factors is unnecessary in Plaintiff's case, however, because no recovery may be had against either Defendant named herein, regardless of the constitutional basis for Plaintiff's claims.[1]

**Dismissal of Count 1 – Public Defender**

To state a civil rights claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Conversely, a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice, because such an attorney does not act "under color of state law." *Id.* at 324-25. *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). While Plaintiff in the case at bar does not label his claim against Nester as one for "legal malpractice," the same principle applies here. Nester, as Plaintiff's court-appointed public defender, is not a "state actor" who is amenable to suit in a § 1983 civil rights case. Accordingly, Plaintiff may not maintain a claim against him. **Count 1** shall be dismissed with prejudice.

---

[1] The Court expresses no opinion on the potential merits of Plaintiff's speedy trial claim, if he were to pursue that issue in a challenge to his conviction in a criminal appeal in the State courts.

### Dismissal of Count 2 – Judge

Plaintiff's claims against Judge Haida fare no better. It has long been established that judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). Without a doubt, Judge Haida's responses to Plaintiff's motions filed in state court, and his decisions on the scheduling and postponements of Plaintiff's trial dates, are judicial acts. Judge Haida is thus cloaked with judicial immunity for each of the actions that Plaintiff invokes as the grounds for his constitutional claims herein. Under § 1915A, a claim against a defendant who is immune from liability for money damages must be dismissed. Therefore, **Count 2** shall also be dismissed from this action with prejudice.

Because neither Defendant named herein is amenable to a suit for damages under § 1983, the defects in Plaintiff's claims cannot be cured by permitting him to amend his Complaint. Leave to amend need not be granted before dismissal of the suit, where such amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago,* 24 F.3d 966, 970 (7th Cir. 1994). Accordingly, the entire action shall be dismissed with prejudice pursuant to § 1915A.

### Disposition

**COUNTS 1 and 2,** and this action, are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A. All pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this

action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 1, 2017**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court